[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court heard the evidence offered at trial on December 6, 1994, and thereafter entered a decree dissolving the marriage of the parties. The court articulated its concerns in the course of the proceedings, most notably surrounding the defendant's drug addiction, and the termination of his employment due to that addiction. The court observed that the defendant had seriously compromised his child's future, and the assets of the parties, when he suffered a relapse, and lost his approximately Seventy Thousand ($70,000.00) Dollars per year job.
The home which had been acquired during the marriage is presently in foreclosure, and the defendant, who resides therein, has no plan for the future whereby he could redeem the property. The plaintiff's family had contributed Ten Thousand ($10,000.00) Dollars to its acquisition, which may be lost.
The court orders that the home be immediately listed for sale with a broker of the plaintiff's choice. Any proceeds from a sale shall be used to fund an education trust for the minor child. If there is no sale, and a deficiency results, the defendant shall be responsible for that deficiency, and hold the plaitiff [plaintiff] harmless therefrom.
The plaintiff shall be entitled to the personal property in the marital home which she claims in paragraph 3 of her claims for relief. That property shall be picked up by her within thirty (30) days of the date of judgement, and shall not be disposed of in the meantime by the defendant.
The defendant shall sell the Harley-Davidson motorcycle, and the proceeds, which should yield Nine CT Page 12800 Thousand ($9,000.00) Dollars, shall be divided as follows: the first Two Thousand ($2,000.00) Dollars shall be retained by the defendant for the purchase of an automobile for appropriate transportation for his child during periods of visitation; the balance shall be split with the plaintiff receiving sixty (60%) percent and the defendant receiving forty (40%) percent. The asset must yield at least Six Thousand ($6,000.00) Dollars at sale, or the asset is to be turned over to the plaintiff for sale. The defendant is ordered to inform the plaintiff of the sale, the amount of the sale, and the name and address of the purchaser no less that seven (7) business days prior to that sale.
The plaintiff shall receive by Qualified Domestic Relations Order the entire balance of the defendant's pension.
The lawn tractor shall be sold and the proceeds shall be applied to the arrearage in child support, first to the State of Connecticut, as its interest may appear, and then to the plaintiff.
The court finds that child support and alimony arrearage to be Six Thousand Eight Hundred Ten ($6,810.00) Dollars. Payments on the arrearage shall be Twenty ($20.00) Dollars per week.
The defendant shall make a contribution to the plaintiff's attorney's fees in the amount of One Thousand ($1,000.00) Dollars, payable at Fifty ($50.00) Dollars per month until he is employed full-time. At that time, he is ordered to file an updated financial affidavit to determine if a modification of this order, or any other, is warranted.
The plaintiff shall be the sole custodial parent of the minor child, issue of the marriage, Mathew, born April 12, 1990, and the defendant shall visit with the child on alternating weekends as has been the custom with these parents. The plaintiff shall share school, medical, and other records pertaining to the child with the defendant father. He shall be made aware of all medical treatment, school and extracurricular activities, and the parties shall cooperate in providing educational CT Page 12801 opportunities to the child out of the school environment. The parties shall share time with the child during holidays and on his birthday. The child should be permitted time with his father on his father's birthday, and on Father's Day. The plaintiff testified that the defendant is a loving father, and one would hope that he could be motivated to more appropriately deal with his addiction. It would appear that these parents could and would aspire to joint legal custody, should defendant remain sober.
The defendant must be sober when he visits with the child, and the plaintiff shall retain the ability to decline visitation with the defendant if he is not sober. The defendant shall not expose the child to drugs or alcohol, or people who are using substances, during any visitation. The defendant shall submit to drug testing every three (3) months and submit results therefrom to Family Services for monitoring. If the defendant can demonstrate his sobriety, the parents should agree on more extended periods of visitation during school vacations.
The defendant has an earning capacity of up to Seventy Thousand ($70,000.00) Dollars. His current earnings will be increased in January, but it is critical for the financial health of his child, that he continue to look for reemployment within his field. Until further order of the court modifying the order of child support, the defendant shall pay One Hundred ($100.00) Dollars per week in child support and, as previously stated, Twenty ($20.00) Dollars on the found arrearage.
The plaintiff has returned to school to achieve a degree as a Registered Nurse. She assisted the defendant with his recovery, and persisted in maintaining a relationship with him, knowing that he had been treated for his addiction. While she had been employed by the State of Connecticut, earning up to Twenty-eight [Thousand] ($28,000.00) Dollars per year prior to the birth of their child, she is now pursuing a career which could yield higher earnings. She is entitled to continue her education, and could have done so easily, had the defendant been able to be faithful to their marriage contract, faithful to her, and faithful to his family by CT Page 12802 maintaining credible employment, rather than to fall back into his addiction. She is entitled to periodic alimony in light of the facts of this case. The defendant is ordered to pay Thirty-five ($35.00) Dollars per week as alimony. The defendant shall also pay One ($1.00) Dollar per year alimony on behalf of the State of Connecticut.
The defendant is further ordered to maintain medical insurance at his place of employment for the benefit of the minor child, and to maintain any available life insurance through his place of employment for the benefit of the minor child. The parties shall share any unreimbursed health-related expenses for the minor child.
The above shall be orders incorporated in the judgment of dissolution.
DRANGINIS, J.